IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MOHAMMED ABDELAZEM
ALI AHMED,

§
§
§
§
          Petitioner,              §
§          No. 1:26-CV-01018-DAE
v.                                 §
§
VERGARA, *et al.*,                 §
§
          *Respondents*.           §

## ORDER

Before the Court is Petitioner Mohammed Abdelazem Ali Ahmed's

("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on

April 20, 2026.  (Dkt. # 1.)  On April 24, 2026, this Court issued an Order to Show

Cause as to Respondents, ordering a response within three days pursuant to 28 U.S.

§ 2243.  (Dkt. # 5.)  This show cause order contained a provision ordering

respondents not to remove or deport Petitioner from the United States pending the

resolution of this matter and distinguishing Imran v. Harper, a case in which the

Fifth Circuit found the district court lacked jurisdiction to grant a stay of removal.

(Id. at 3–4.)  The Court issued the stay of removal based on representations from

Petitioner that he was "pursuing an appeal of his removal order."  (Dkt. # 1 at 3.)

In their response, however, Federal Respondents argue that this case is

not distinguishable from Imran because the Petitioner here does, in fact, have a

1

final order of removal because Petitioner waived appeal of the immigration judge's

February 2, 2026, decision.  (Dkt. # 6-3 at 4.)  In light of this new information and

documentation provided, the Court agrees.  (See 8 C.F.R. § 1241.1(b) ("An order

of removal made by the immigration judge at the conclusion of proceedings under

section 240 of the Act shall become final . . . upon waiver of appeal by the

respondent[.]")).

Accordingly, given the Fifth Circuit's guidance in Imran v. Harper,

No. 25-30370, 2026 WL 93131 (5th Cir. Jan. 13, 2026), the Court finds that the

stay of removal included in its Order to Show Cause should be **DISSOLVED**.

(Dkt. # 5.)  Nothing in this Order should be construed to affect the remaining

portions of this Court's prior Order, and Petitioner's Habeas Petition remains under

this Court's consideration.  (Dkt. # 1.)

Additionally, **IT IS FURTHER ORDERED** that Petitioner file a

reply to Federal Respondents' Response **on or before May 6, 2026.**  In such reply,

Petitioner should address Respondents' allegation and accompanying

documentation suggesting that he did, in fact, receive a bond hearing.  (Dkt. # 6-2.)

**IT IS SO ORDERED**.
**DATED**: Austin, Texas, April 29, 2026.

_____
David Alan Ezra
Senior United States District Judge