IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| MOHAMMED ABDELAZEM ALI AHMED, | § § § § | |
| *Petitioner*, | § § | No. 1:26-CV-01018-DAE |
| v. | § § | |
| VERGARA, *et al.*, | § § § | |
| *Respondents*. | § | |

<u>ORDER</u>

Before the Court is Mohammed Abdelazem Ali Ahmed's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("the Petition") (Dkt. # 1), and Federal Respondents'[1] Response (Dkt. # 6).  The Court finds this matter suitable for disposition without a hearing.  After careful consideration of the parties' briefings and relevant law, and for the reasons described below, the Court **DENIES** the Petition, (Dkt. # 1).  Petitioner is afforded 30 days to file an amended petition.

---

[1] Federal Respondents include Miguel Vergara, Field Office Director, San Antonio Field Office, Immigration and Customs Enforcement; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Markwayne Mullin, Secretary, U.S. Department of Homeland Security; and Todd Blanche, Acting U.S. Attorney General.

1

LEGAL STANDARD

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." Buenrostro-Mendez v. Bondi, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (internal citation and quotations omitted); 28 U.S.C. § 2241.  The habeas petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." Villanueva v. Tate, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (internal citation and quotations omitted).  "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" Id. (quoting 28 U.S.C. § 2243).

> Under 28 U.S.C. § 2243, a court:
>
> entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The statute also directs that the person to whom the writ is directed shall return the writ "within three days unless for good cause additional time, not exceed twenty days, is allowed."  28 U.S.C. § 2243.

2

<u>DISCUSSION</u>

Petitioner is a citizen of Sudan who is currently being detained at the T. Don Hutto Detention Center in Taylor, Texas.  (Dkt. # 1 at 4.)  In his habeas petition, Petitioner alleges that he is entitled to a writ because he is being wrongfully detained without bond.  (<u>Id.</u> at 5.)  Petitioner contends that he is being detained mandatorily pursuant to 8 U.S.C. § 1225(b)(2) and argues that such mandatory detention is a violation of his due process rights under the Fifth Amendment of the United States Constitution, the Immigration and Nationality Act ("INA"), various bond regulations, the final judgment in <u>Maldonado Bautista v. Santacruz</u>, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025), and the Administrative Procedure Act ("APA") .  (<u>Id.</u> at 5– 7.)

However, in their Response, Federal Respondents contend that Petitioner is not being detained pursuant to 8 U.S.C. § 1225 but rather pursuant to 8 U.S.C. § 1231.  (Dkt. # 6 at 2.)  They assert that Petitioner is subject to a final removal order and is therefore properly subject to mandatory detention under § 1231.  (<u>Id.</u> at 2, 4.)  They therefore ask the Court to deny the Petition.  (<u>Id.</u>)

"8 U.S.C. § 1231 . . . governs detention following a final order of removal."  <u>Demore v. Kim</u>, 538 U.S. 510, 527 (2003); 8 U.S.C. § 1231(a) (describing detention authority during the "removal period," which is defined as beginning on the latest of: "(i) The date the order of removal becomes

3

administratively final;" "(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order;" or "(iii) If the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement."). During the initial 90-day period after a removal order becomes administratively final, detention is mandatory. 8 U.S.C. § 1231(a)(2). Under the INA, detention can extend beyond this 90-day period, but only in certain circumstances. See Rodriguez Romero v. Ladwig, No. CV 25-1106-JWD-EWD, 2026 WL 321437, at *3 n.6 (M.D. La. Feb. 6, 2026) (listing those circumstances as: "If the noncitizen fails or refuses to apply in good faith for travel documents as directed by ICE (8 C.F.R. § 241.4(g)(1)(i)); if the noncitizen is inadmissible under 8 U.S.C. § 1182; or if the noncitizen has committed certain crimes, and the government determines that the noncitizen poses a risk to the community or is a flight risk (8 U.S.C. § 1231(a)(6))."). And, even under those circumstances, the government may not detain a noncitizen indefinitely. Zadvydas v. Davis, 533 U.S. 678, 682, 689 (2001). In Zadvydas, the Supreme Court recognized a "presumptively reasonable" detention period of six months. Id. at 701. After that

4

six-month period has elapsed,[2] continued detention is proper only when the noncitizen's removal is reasonably foreseeable.  Id. at 699, 701.

In this case, Federal Respondents have provided the Court with documentation that Petitioner waived the right to appeal his order of removal. (Dkt. # 6-3 at 4.)  The Court therefore finds that Petitioner is subject to a final order of removal and is thus subject to detention under 8 U.S.C. § 1231 rather than § 1225(b)(2).  (See 8 C.F.R. § 1241.1(b) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . upon waiver of appeal by the respondent[.]")).[3]

---

[2] That is not to say that detention before this six-month mark is necessarily reasonable.  Indeed, as noted by other courts, Zadvydas creates a *presumption* that six months is a reasonable detention period, not a rule.  Puertas-Mendoza v. Bondi, No. SA-25-CA-00890-XR, 2025 WL 3142089, at *2 (W.D. Tex. Oct. 22, 2025), judgment entered, No. SA-25-CA-00890-XR, 2025 WL 3142091, at *14 (W.D. Tex. Oct. 22, 2025); Rodriguez Romero v. Ladwig, No. CV 25-1106-JWD-EWD, 2026 WL 321437, at *13–14 (M.D. La. Feb. 6, 2026).  A petitioner is thus able to bring a Zadvydas claim prior to this six-month period elapsing.  Id. However, "a detained person who brings a Zadvydas claim before the presumptively reasonable six-month period has run will have a harder time establishing a right to relief."  Puertas-Mendoza, 2025 WL 3142089, at *2.

[3] Petitioner's assertion that he is "pursuing an appeal of his removal order" where the Court has been provided documentation that he waived his right to appeal does not persuade the Court otherwise.  (See Dkts. ## 9 at 3; 1-4 (Filing Receipt of Appeal); 6-3 at 4 (Waiver of Appeal).)  Petitioner has provided the Court with no argument or legal authority for why his "pursuit" of an appeal, where has waived such right, leads to the conclusion that he is not subject to an administratively final order of removal.  (See Dkt. # 9.)

While Petitioner may certainly challenge his detention under § 1231 as unlawful, he has not done so here.  Rather, all of Petitioner's asserted bases of relief depend entirely upon the presumption that he is being detained pursuant to 8 U.S.C. § 1225(b)(2).  (See Dkt. # 1 at 5–7.)  Accordingly, the Court finds that Petitioner is not entitled to a writ, at least upon the specific grounds and arguments he has asserted,[4] and **DENIES** the Petition for Writ of Habeas Corpus, (Dkt. # 1).  However, the Court will allow Petitioner to amend his petition to allege alternative grounds for relief should he wish to do so.

---

[4] In his first cause of action, Petitioner contends that his due process rights are being violated because he is being held without a bond hearing.  (Dkt. # 1 at 5.)  However, Petitioner *was* provided a bond hearing, and he has not sufficiently made an argument as to why due process requires an additional bond hearing at this stage where he is being detained *under § 1231*.  (See Dkt. # 6-2 (Petitioner's January 16, 2026 Bond Denial Order).)  Next, Petitioner asserts that his mandatory detention pursuant to § 1225(b)(2) violates the INA.  (Dkt. # 1 at 5–6.)  Third, Petitioner argues that the application of § 1225(b)(2) as to him is a violation of bond regulations.  (Id. at 6.)  His fourth cause of action asserts that Petitioner is misclassified as being subject to § 1225(b)(2), in violation of Maldonado Bautista.  (Id. at 6–7.)  Finally, in his fifth cause of action, Petitioner contends that his mandatory detention violates the APA.  (Id. at 7.)  To the extent Petitioner wishes to challenge the constitutional adequacy of the bond hearing he was afforded, whether due process, the APA, or another mechanism requires him to have an additional bond hearing now that he has been detained beyond the 90-day removal period contemplated in § 1231, or whether his detention pursuant to § 1231 has become prolonged under Zadvydas, he may certainly do so.  However, Petitioner has not adequately presented these claims in his Petition.  The Court expresses no view as to whether those theories—or any alternative theories challenging Petitioner's detention under § 1231—would ultimately succeed if properly raised.

6

In so ruling, the Court acknowledges the serious concerns Petitioner raises regarding his protracted detention (approximately 8 months in immigration detention) and the impacts such detention is having on Petitioner's health.  (See Dkt. # 9 at 4.)  However, the Court is only able to rule on the grounds before it, and Petitioner has not adequately raised a claim specific to his detention under the provision that is actually being applied to him.

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus, (Dkt. # 1), is **DENIED WITHOUT PREJUDICE** to refiling. Petitioner is granted 30 days to file an amended petition.[5]

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, June 1, 2026.

_____
David Alan Ezra
Senior United States District Judge

---

[5] The Court **GRANTS** Petitioner's Motion to Expedite (Dkt. # 10.)

7